HUGHES, J., would grant.
CRICHTON, J., would grant.
GENOVESE, J., would grant and assigns reasons.
GENOVESE, J., would grant this writ for the following reasons:
*1027 This is a motor vehicle violation case. Though this issue may seem minor to some, it is of great significance to others. After all, little cases can make big law. Plaintiff, Mr. Knoll, is a part-time rancher who operates a small farm in Marksville, Louisiana. Mr. Knoll purchased a livestock trailer at an auction in Oklahoma to use in his cattle operation. Mr. Knoll and his employee, Mr. Gaspard (also a plaintiff in this case), traveled to Oklahoma to pick up the trailer. Mr. Knoll also purchased a farm truck to tow the trailer back to Louisiana. The farm truck broke down in Texas, requiring plaintiffs to leave it and the livestock trailer behind. The following day, Mr. Gaspard returned to Texas with a separate truck and trailer to retrieve the disabled farm truck and livestock trailer.
On the return trip from Texas to the Knoll ranch in Marksville, Louisiana, Mr. Gaspard was stopped by a Louisiana State Trooper on Interstate 49 in or near Shreveport, in Caddo Parish, Louisiana, for not wearing a seatbelt, and was issued a citation therefor. Additionally, the officer issued two warnings to Mr. Knoll (though not present) as the registered owner of the truck for (1) failure to pay a UCR fee in violation of 49 UCR 392.2 and (2) for operating a commercial motor vehicle in interstate commerce without a USDOT Registration in violation of 49 CFR 392.9b(a).
Mr. Knoll and Mr. Gaspard sought administrative review before the administrative law judge ("ALJ"), arguing that the truck was not a commercial vehicle as defined in 49 CFR 390.5 and that the truck fell under the Covered Farm Vehicle Exemption set forth in 49 CFR 390.5. The ALJ affirmed the violations, and plaintiffs sought further review in the district court, which affirmed the ALJ. In a split 2-1 decision, a majority panel of the court of appeal affirmed the lower courts with Judge Welch dissenting. Plaintiffs have filed a writ application with this Court, which the majority has denied. The seatbelt violation is not at issue herein.
The majority's denial of this writ is erroneous for two reasons: (1) the vehicle was not engaged in interstate commerce; and (2) the farm vehicle was exempt. First, there is very little jurisprudential interpretation of what constitutes interstate commerce as set forth in 49 CFR 390.5. Regardless, Mr. Knoll operates a cattle ranch solely within Louisiana on a part-time basis and does not sell cattle to any farmers outside Louisiana. At the time Mr. Gaspard was stopped in Louisiana, he was not engaged in interstate commerce (such as selling cattle on the side of the road in Oklahoma or Texas or anywhere else outside Louisiana). Second, the farm vehicle qualified for an exemption based on occasional transportation use and mileage.
The undisputed facts in this case (i.e., that Mr. Gaspard was retrieving a disabled trailer) clearly constitute occasional use, as Mr. Knoll does not engage in the sale of cattle outside Louisiana. Mr. Knoll's vehicle left the state for the sole purpose of retrieving a disabled trailer (purchased out of state) for his cattle farm in Louisiana. Thus, Mr. Knoll was not doing business or engaged in any commerce (by any definition) while retrieving his disabled truck and trailer. Crossing state lines in an isolated incident to buy an item for use in *1028 one's exclusively intrastate business does not constitute commerce.
Finally, I agree with Judge Welch's dissent that Mr. Knoll's vehicle qualified for the farm vehicle exemption set forth in 49 CFR 390.5, because at the time of the traffic stop, the Knoll vehicle was being used within 150 air miles of the farmer's farm. The traffic stop was made in Caddo Parish, in or near Shreveport, Louisiana. Mr. Knoll's farm is located in Marksville, Louisiana. The state offered no proof whatsoever that the distance between Shreveport and Marksville exceeded 150 air miles, perhaps for the simple reason that it does not, in fact, exceed 150 air miles. An air mile is longer than a statute or land mile. An air mile has a distance of 6,080 feet; whereas, a statute or land mile has a distance of 5,280 feet. According to the Federal Motor Carrier Safety Administration website, a statute or land mile comprises 87% of an air mile. Shreveport is approximately 135 air miles from Marksville, and, thus, the alleged violation falls within the 150 air-mile exemption.
Consequently, and for the reasons aforementioned, I would reverse the ALJ and the lower courts and dismiss the Code of Federal Regulations violations.